OPINION
{¶ 1} Defendant-appellant, Alex Bryant, appeals the decision of the Butler County Court of Common Pleas denying his petition for post-conviction relief and his post-sentence motion to withdraw his guilty plea. We affirm the common pleas court's decision.
 {¶ 2} In December 2004, appellant pled guilty to one count of domestic violence. The common pleas court subsequently convicted appellant of that count, and sentenced him to 12 months in prison.
 {¶ 3} In February 2005, appellant filed a petition for post-conviction relief and a motion to withdraw his guilty plea. The common pleas court denied appellant's petition for post-conviction relief without a hearing, and his motion to withdraw his guilty plea. Appellant now appeals those decisions, assigning three errors.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "TRIAL COUNSEL INEFFECTIVELY REPRESENTED APPELLANT TO HIS PREJUDICE."
 {¶ 6} In this assignment of error, appellant argues that the common pleas court erred in denying his petition for post-conviction relief without a hearing where the record showed that his trial counsel was ineffective. Appellant argues that his counsel was ineffective because his counsel improperly induced him to plead guilty, failed to advise him of a potential defense, and failed to cross-examine the victim at the sentencing hearing.
 {¶ 7} Under Ohio's post-conviction relief statute, a petitioner is not automatically entitled to an evidentiary hearing. See R.C. 2953.21(C); State v. Calhoun,86 Ohio St.3d 279, 283, 1999-Ohio-102. Instead, before granting a hearing, the trial court must consider "whether there are substantive grounds for relief." R.C. 2953.21(C). The court must consider whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" R.C. 2953.21(A)(1)(a).
 {¶ 8} In order to establish ineffective assistance of counsel in violation of the Sixth Amendment, appellant must show that his trial attorney's performance was both deficient and prejudicial.Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. With respect to deficiency, appellant must show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. Appellant must also overcome the presumption that the challenged action might be considered sound strategy. Id. at 689. With respect to prejudice, appellant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694.
 {¶ 9} Appellant argues that his trial counsel improperly induced him to plead guilty by failing to inform him of the possibility that the victim would give an "impact statement" and testify at the sentencing hearing. Appellant asserts that he would not have pled guilty had he known of that possibility. Despite appellant's assertion, we do not find a reasonable probability that appellant would have pled "not guilty" had his trial counsel advised him of the victim's potential role at the sentencing hearing. Having been fully informed at the plea hearing of the rights he was waiving and the punishment he faced, appellant chose to plead guilty. There is no indication in the record, other than appellant's assertions in his brief, that appellant was counting on the victim playing no role in his sentencing when he made his decision to plead guilty. Appellant's argument simply lacks plausibility.
 {¶ 10} Appellant also argues that his counsel should have informed him that Section 11, Article XV of the Ohio Constitution, Ohio's "Defense of Marriage" amendment, might render the domestic violence statute unconstitutional as applied to him. However, this court recently ruled that Section 11, Article XV does not render the domestic violence statute unconstitutional as applied to individuals such as appellant, who was unmarried but cohabiting with the victim at the time of the crime. See State v. Carswell, Warren App. No. CA2005-04-047,2005-Ohio-6547, ¶ 21. Therefore, we reject appellant's argument that his trial counsel was ineffective for failing to inform him of a potential defense. Because the defense appellant refers to is not a valid defense, there was no prejudice.
 {¶ 11} Finally, we reject appellant's argument that his trial counsel was ineffective for failing to cross-examine the victim at the sentencing hearing. Appellant cannot overcome the presumption that foregoing cross-examination of the victim at the sentencing hearing was reasonable strategy. Appellant had pled guilty to the offense. While appellant asserts that the victim perjured herself at the sentencing hearing, it was reasonable for appellant's trial counsel to conclude that contesting the victim's veracity at that point in the proceedings would not have benefited appellant.
 {¶ 12} Accordingly, we overrule appellant's first assignment of error. The common pleas court did not err in denying appellant's petition for post-conviction relief without a hearing. The record does not support appellant's assertion that his trial counsel was ineffective.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S PETITION FOR POST CONVICTION RELIEF SEEKING TO WITHDRAW HIS PLEA."
 {¶ 15} In this assignment of error, appellant argues that the common pleas court should have granted his post-sentence motion to withdraw his guilty plea to the domestic violence count. Appellant argues that a "manifest injustice" had occurred. First, appellant asserts that he is "actually innocent." Second, appellant again states that he would not have pled guilty had his trial counsel informed him of the possibility that the victim would give an impact statement and testify at the sentencing hearing. Third, appellant reiterates his argument that his trial counsel failed to inform him of a potential defense.
 {¶ 16} Crim.R. 32.1 states that a trial court may grant a post-sentence motion to withdraw a guilty plea to correct "manifest injustice." A defendant seeking to withdraw a guilty plea post-sentence has the burden of establishing the existence of manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, 264. Manifest injustice is defined as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner,83 Ohio St.3d 203, 208, 1998-Ohio-271. The manifest injustice standard permits a defendant to withdraw a guilty plea post-sentence only in extraordinary cases. Smith at 264.
 {¶ 17} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Therefore, an appellate court will not reverse the trial court's decision absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. Id. at 527, citingState v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 18} We find no abuse of discretion by the common pleas court in rejecting appellant's argument that his guilty plea resulted in a "manifest injustice." First, appellant made only unsupported assertions that he was "actually innocent." Second, as previously stated, no prejudice flowed from the failure of appellant's counsel to raise the "Defense of Marriage" amendment defense. Third, the alleged failure of appellant's trial counsel to inform him of the victim's role at the sentencing hearing simply did not create the extraordinary circumstances necessary for a "manifest injustice" finding. We also note that the common pleas court fully informed appellant at his plea hearing of the rights he was waiving by pleading guilty and the consequences he faced. At that time, appellant acknowledged that he understood his rights, and that he had adequately discussed those rights with his counsel. Accordingly, because we find no abuse of discretion by the common pleas court, we overrule appellant's second assignment of error.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "APPELLANT'S SENTENCE OF MORE THAN SIX MONTHS IN PRISON VIOLATED HIS RIGHT TO TRIAL BY JURY."
 {¶ 21} In this assignment of error, appellant argues that his "non-minimum" and maximum sentence violated his constitutional right to a jury trial because the common pleas court and not a jury made the required sentencing findings. Appellant bases his argument on Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348.
 {¶ 22} We overrule appellant's third assignment of error on the authority of our previous holdings in State v. Farley,
Butler App. No. CA2004-04-085, 2005-Ohio-2367, ¶ 43 (defendant's right to jury trial not violated where sentencing court makes non-minimum findings), and State v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923, ¶ 62 (defendant's right to jury trial not violated where sentencing court makes maximum findings).
 {¶ 23} Judgment affirmed.
Young and Bressler, JJ., concur.