OPINION
{¶ 1} Defendant-appellant Andrew R. Wilkey appeals his conviction and sentence entered in the Muskingum County Court.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 3} On July 21, 2000, Defendant-Appellant, Andrew R. Wilkey and an accomplice, shot Jayson Hunter during an altercation that occurred outside a residence on Vine Street in the City of Zanesville. This altercation and the shooting occurred in front of witnesses. By the time police arrived, Defendant-Appellant had fled from the scene.
 {¶ 4} On September 12, 2001, Defendant-Appellant was indicted by the Muskingum County Grand Jury upon one (1) count of Aggravated Murder with a gun specification, in violation of R.C. § 2901.01(A) and § 2941.145, a unclassified felony.
 {¶ 5} On September 19, 2001, Defendant-Appellant appeared before the Court for arraignment and pled "not guilty" to the Indictment.
On November 1, 2001, Defendant-Appellant appeared before the trial court for the purpose of changing his plea. At this hearing, Defendant-Appellant withdrew his former plea of "not guilty" and entered a plea of "guilty" to an amended indictment that charged him with one count of Voluntary Manslaughter with a firearms specification, in violation of R.C. § 2903.03(A) and §2941.145. In exchange for the change of plea, the State agreed to recommend the original charge of Aggravated Murder to Voluntary Manslaughter and to recommend that Defendant-Appellant receive an aggregate sentence of thirteen (13) years in prison. This agreement was set forth in a written plea form that contained several other mutually agreed terms. Prior to accepting this change of plea, the trial court reviewed the plea form and its contents with the Defendant/Appellant as well as all other rights and responsibilities dictated by Ohio Rule of Criminal Procedure 11. Ultimately, the trial court concluded that the Defendant/Appellant's change of plea was both knowing and voluntary, and accepted the change of plea.
 {¶ 6} On September 20, 2004, the trial court held a sentencing hearing. At said hearing, the trial court heard the report of the pre-sentence investigator and the statements of counsel for the respective parties before pronouncing sentence. The trial court sentenced Defendant-Appellant to a stated prison sentence of ten (10) years on the amended count of Voluntary Manslaughter and three (3) years on the gun specification, said sentences to be served consecutive to one another for a total sentence of thirteen (13) years.
 {¶ 7} Defendant did not perfect a timely appeal from his conviction.
 {¶ 8} On or about June 17, 2005, Defendant-Appellant filed a Petition to Set Aside Judgment of Conviction or Sentence. In said petition, Defendant-Appellant relied upon the cases of Blakelyv. Washington, (2004)124 S.Ct. 2531 and U.S. v. Booker, (2005)125 S.Ct. 738.
 {¶ 9} On July 14, 2005, the trial court denied the petition without an evidentiary hearing.
 {¶ 10} On August 25, 2005, Defendant-Appellant filed a Motion for Leave to File a Delayed Appeal of the decision of the trial court that dismissed his Petition to Set Aside Judgment of Conviction or Sentence. (This appeal was assigned case number CT20050-041).
 {¶ 11} By entry dated October 11, 2005, this Court denied Defendant/Appellant's Motion for Leave to File a Delayed Appeal and dismissed the matter.
 {¶ 12} On September 15, 2005, Defendant-Appellant filed a Post Sentence Criminal Rule 32.1 Motion to Correct Sentence. This motion was again premised upon the cases of Blakely v.Washington, (2004) 124 S.Ct. 2531 and U.S. v. Booker, (2005)125 S.Ct. 738 and their progeny.
 {¶ 13} On September 22, 2005, the trial court denied said motion. In its decision, the trial court held:
 {¶ 14} "As indicated in the plea form signed by the defendant he waived his right to appeal a maximum sentence based upon the plea agreement with the State. Based upon the plea agreement the Court hereby denies the Defendant's motion."
 {¶ 15} On October 21, 2005, Defendant-Appellant filed the instant appeal, assigning the following as error:
 ASSIGNMENTS OF ERROR {¶ 16} "I. IN SUMMARILY DISMISSING DEFENDANT'S POST-SENTENCE CRIMINAL RULE 32.1 MOTION TO CORRECT SENTENCE WITHOUT ORDERING AN EVIDENTIARY HEARING, THE TRIAL COURT DEPRIVED DEFENDANT OF HIS ABSOLUTE RIGHT TO DUE PROCESS OF LAW ARTICLE 1 SECTION 16 OHIO CONSTITUTION AND 4TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 17} "II. THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT DENIED DEFENDANT'S POST SENTENCE CRIMINAL RULE 32.1 MOTION TO CORRECT SENTENCE AND FAILED TO PROCEED TO AN EVIDENTIARY HEARING ON THE ISSUES AND MERITS OF THE CLAIM.
 {¶ 18} "III. THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION COMMITTED PREJUDICIAL ERROR IN HOLDING THAT THE U.S. SUPREME COURT'S DECISION IN APPRENDI V. NEW JERSEY AND BLAKELY V. WASHINGTON DO NOT APPLY TO OHIO'S SENTENCING SCHEME.
 {¶ 19} "IV. TRIAL COUNSEL WAS INEFFECTIVE, FAILING TO DEFEND DURING SENTENCING HEARING BY FAILING TO RAISE STRUCTURAL ERRORS, CONSTITUTIONAL VIOLATIONS, AND ALLOWING THE STATE TO LOWER IT'S [SIC] BURDEN OF PROOF DURING SENTENCING PHASE."
 I., II., III. {¶ 20} Appellant's first, second and third assignments of error shall be addressed simultaneously. In each of these assignments of error, Appellant argues that the trial court abused its discretion in denying his Crim.R. 32.1 motion to withdraw his guilty plea. We disagree.
 {¶ 21} A trial court is vested with sound discretion to grant or deny a post-sentence motion for withdrawal of a plea. Statev. Pearson, 11th Dist. Nos. 2002-G-2413 and 2002G-2414,2003-Ohio-6962, at ¶ 7. In reaching its decision, a trial court has the discretion to determine the "good faith, credibility and weight of the movant's assertions * * *." Smith at paragraph two of the syllabus. See, also, State v. Caraballo (1985),17 Ohio St.3d 66, 67. Importantly, "`an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."' State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3393, at ¶ 14, quoting Smith at paragraph three of the syllabus.
 {¶ 22} Initially, Appellant argues that the trial court denied him his constitutional right to due process.
 {¶ 23} "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."United States v. Broce (1989), 488 U.S. 563, 109 S.Ct. 757,102 L.Ed.2d 927. The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975),423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195. Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. Statev. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658; State v.Barnett (1991), 73 Ohio App.3d 244, 249, 596 N.E.2d 1101.
 {¶ 24} Appellant further argues that it was error for the trial court to deny his motion without first holding an evidentiary hearing.
 {¶ 25} While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant. State v. Xie
(1992), 62 Ohio St.3d 521, paragraph one of the syllabus. In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id.
 {¶ 26} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Patterson,
Stark App. No. 2003CA00135, 2004-Ohio-1569 (citing State v.Blatnik (1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016). Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. Patterson, supra (citingState v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564).
 {¶ 27} It is well-settled that an appellant cannot appeal from a sentence that is recommended by both parties (i.e., the prosecutor and the defendant) and is authorized by law. See R.C.2953.08(D). This Court has followed this rule in past sentencing appeals. In State v. Amstutz (Nov. 8, 1999), Stark App. No. 1999CA00104, this Court held:
 {¶ 28} "A sentence imposed upon a defendant is not subject to review as of right if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 29} As for Appellant's argument that the trial court erred in finding that the Apprendi and Blakely cases did not apply to Ohio's sentencing scheme, the effect of the such cases upon Ohio's sentencing scheme has been resolved in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court found R.C. § 2929.14(E)(4) unconstitutional and determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts. We find that Appellant's argument for re-sentencing is barred by res judicata, because he could have raised that argument in a direct appeal from his sentence which he failed to do.
 {¶ 30} Appellant's first, second and third assignments of error are overruled.
 IV. {¶ 31} In his fourth and final assignment of error, Appellant argues that his trial court was ineffective.
 {¶ 32} Again, Appellant could have raised the argument he now makes in support of this assignment of error, that being that his trial counsel was ineffective in a direct appeal. As stated above, Appellant failed to file a direct appeal from his sentence.
 {¶ 33} Furthermore, Appellant did not raise this issue in his Post Sentence Crim.R. 32.1 Motion to Correct Sentence. {¶ 34}
Because Appellant did not make the ineffective assistance of trial counsel argument to the trial court or on direct appeal, he has waived that argument, and may not now raise it in this appeal.
 {¶ 35} We find no error in the order of the trial court overruling Jones's motion to correct sentence, from which this appeal is taken.
 {¶ 36} Appellant's fourth assignment of error is overruled.
 {¶ 37} For the foregoing reasons, the judgment of the Muskingum County Court is hereby affirmed.
By: Boggins, J. Hoffman, P.J. and Farmer, J., concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court is affirmed. Costs assessed to appellant.