{¶ 1} Appellant, Anthony Gains, appeals the trial court's decision denying his petition for post-conviction relief. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On January 16, 2002, appellant was indicted on several counts. The indictment included one count of aggravated murder, in violation of R.C. 2903.01 and one count of aggravated robbery, in violation of R.C.2911.01, both of which had firearm specifications, in violation of R.C.2941.141 and R.C. 2941.145; a notice of prior conviction, in violation of R.C. 2929.13(F)(6), and a repeat violent offender specification, in violation of R.C. 2941.149. In addition, he was also indicted on one count of grand theft auto, in violation of R.C. 2913.02; one count of theft, in violation of R.C. 2913.02; one count of tampering with evidence, in violation of R.C. 2921.12; and one count of having a weapon while under a disability, in violation of 2923.13. His indictment for aggravated murder was later amended by the trial court to murder, in violation of R.C. 2903.02.
 {¶ 3} On January 23, 2002, appellant was arraigned and pleaded not guilty, opting for a jury trial. His first trial commenced on August 6, 2002, but resulted in a mistrial. A second trial began on December 2, 2002 and concluded on December 10, 2002. The jury returned a verdict finding appellant guilty of murder with firearm specifications, aggravated robbery with firearm specifications, grand theft auto, and tampering with evidence. He was sentenced to imprisonment for 24 years to life.
 {¶ 4} On January 9, 2003, appellant filed a direct appeal in this court challenging his conviction, which was affirmed. See State v.Gaines, Cuyahoga App. No. 82301, 2005-Ohio-6855.
 {¶ 5} On August 11, 2003, appellant filed a petition for post-conviction relief, alleging he was denied his constitutional rights at trial. The trial court denied his petition on September 29, 2005.
 {¶ 6} The incident that gave rise to the charges against appellant occurred on January 3, 2002. On that day, family members of Vivian Washington found her body in the basement of her Cleveland home. She had been shot eight times, and gun casings found in her kitchen indicated that her body had been dragged from the kitchen and placed in the basement. Vivian and appellant had been romantically involved and had experienced several relationship problems leading up to her death. Appellant had been increasingly suspicious of Washington's friendship with a man named Charles Fagan and expressed his jealously in several threatening letters he wrote to Washington. Washington and Fagan met after her car was severely damaged in an automobile accident. As their friendship developed, Fagan would drive Washington to work and loaned her three different cars. At the time of her death, Washington had the use of Fagan's silver Mercury to drive to and from work. Washington and appellant had several arguments involving her friendship with Fagan. Washington also argued with appellant about him using Fagan's car without permission. As a result, Washington erected a fence on her property to prevent appellant from using Fagan's car.
 {¶ 7} On the day Washington's family found her body, they could not find Fagan's car. Police later discovered the car being driven by two drug dealers. The drug dealers told police that appellant had given the car to them in exchange for drugs. Other witnesses indicated to police that appellant was in Washington's home on New Years Day, two days before her body was found. In addition, one of Washington's next-door neighbors recounted that she heard four or five gunshots come from the house between 7:00 and 8:00 p.m. on New Years Day, and about twenty minutes later, she saw a silver car pulling out of Washington's driveway.
 {¶ 8} Appellant brings this appeal asserting one assignment of error for our review:
 {¶ 9} "Appellant Anthony Gaines was denied his state and federal constitutional rights to the effective assistance of trial counsel, and the court below erred in denying and dismissing Mr. Gaines' postconviction petition alleging this denial of rights. (Findings of facts and conclusions of law filed January 17, 2006.)"
 {¶ 10} Appellant argues that the trial court erred when it denied his petition for post-conviction relief. More specifically, he asserts he was denied effective assistance of counsel at trial, warranting post-conviction relief. In addition, he contends he was entitled to a hearing regarding his petition before the trial court could make a determination.
 {¶ 11} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 12} In reviewing a claim of ineffective assistance of counsel, itmust be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
 {¶ 13} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, that:
 {¶ 14} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978),438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984),466 U.S. 668. * * *
 {¶ 15} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981).' Strickland, supra, at 691. To warrant reversal, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *."
 {¶ 16} We do not agree with appellant's argument that the trial court erred when it denied his motion for post-conviction relief. In order to substantiate a claim on the basis of ineffective assistance of counsel, the movant must show that, but for counsel's actions, the outcome of the trial would have differed. Appellant's motion for post-conviction relief does not provide any evidence supporting his claim of ineffective assistance of counsel. His petition argues that his trial counsel failed to subpoena witnesses, yet does not state why the witnesses were important to his defense or whether they had any information corroborating his claims of innocence. Appellant also references bank documents and businesses the victim patronized near the time of her death, yet does not provide how or why this information is relevant to his case.
 {¶ 17} When evaluating appellant's motion for post-conviction relief in its entirety, it is clear that he fails to point to any specific act or omission committed by his attorney that would constitute ineffective assistance of counsel.
 {¶ 18} In addition, appellant's argument that he was entitled to a hearing on his motion for post-conviction relief is equally without merit. The Ohio Supreme Court held in State v. Calhoun (1999),86 Ohio St. 3d 279, that "according to the post-conviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief, i.e., whether there are grounds to believe that 'there was such a denial or infringement of the person's rights as to render judgment void or voidable under the Ohio Constitution or the Constitution of the United States." Id. at 282-283.
 {¶ 19} It is clear from appellant's failure to assert a viable argument in his petition for post-conviction relief that the requisite substantive grounds for relief did not exist in order to grant a hearing. The trial court did not err when it denied appellant's petition for post-conviction relief. Accordingly, his assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and
JOSEPH J. NAHRA, J.* , CONCUR
* SITTING BY ASSIGNMENT: JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.