OPINION {¶ 1} Defendant-appellant, John T. Heath, appeals the decision of the Warren County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty plea without holding an evidentiary hearing. We affirm the trial court's decision.
 {¶ 2} On October 15, 2001, the Warren County Grand Jury indicted appellant for one count of pandering sexually-oriented material involving a minor, R.C. 2907.322(A)(5), a felony of the fourth degree, and one count of illegal use of a minor in nudity-oriented material, R.C. 2907.323(A)(3), a felony of the fifth degree. The indictment resulted from evidence obtained in a search of appellant's home computer pursuant to a search warrant signed by the judge for the Franklin Municipal Court. At arraignment on December 3, 2001, the trial court appointed counsel to represent appellant.
 {¶ 3} On February 20, 2002, appellant pled guilty to the fifth-degree felony as charged, and the state dismissed the fourth-degree felony. After completion of a pre-sentence investigation report, the trial court sentenced appellant to two years of community control on March 22, 2002. The trial court further found appellant to be a sexually-oriented offender and placed on him a ten-year obligation to annually report his address to the county sheriff's office.
 {¶ 4} On January 10, 2006, through new counsel, appellant filed a post-sentence Crim.R. 32.1 motion to withdraw his 2002 guilty plea. Appellant further requested an evidentiary hearing on the motion. Both parties agree that by this time, appellant had completed his community control. Appellant was, and remains, under the ten-year reporting obligation from the trial court's sexually-oriented offender finding.[1]
 {¶ 5} In support of his Crim.R. 32.1 motion, appellant attached two evidentiary documents. The first was the search warrant affidavit. The second was appellant's own affidavit stating appellant's prior counsel failed to inform him of the option to file a motion to suppress the evidence obtained from execution of the search warrant.
 {¶ 6} The trial court denied the motion without a hearing, finding a motion to suppress would likely have failed due to the good faith exception to the warrant clause. Appellant appeals, raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING TO VACATE THE APPELLANT'S PLEA DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 8} A trial court may grant a post-sentence motion to withdraw a guilty plea only to correct "manifest injustice." Crim.R. 32.1. This standard requires a showing of extraordinary circumstances. State v.Smith (1977), 49 Ohio St.2d 261, 264; State v. Geiga,157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 8. A trial court need not conduct a hearing on every post-sentence motion to withdraw a plea. Rather, the movant has the burden to first demonstrate a reasonable likelihood that withdrawal of the plea is necessary to correct a manifest injustice. State v.Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. When the alleged error underlying a motion to withdraw a guilty plea is the ineffective assistance of counsel, the movant must show (1) that his counsel's performance was deficient; and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. State v. Xie (1992), 62 Ohio St.3d 521, 524, citingStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; Hill v.Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366.
 {¶ 9} The "good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved" by the trial court. Smith, 49 Ohio St.2d at 264. Generally, a self-serving affidavit of the movant is insufficient to demonstrate manifest injustice. State v. Wilkey, Muskingum App. No. CT2005-0050,2006-Ohio-3276, ¶ 26; State v. Robinson, Ashtabula App. No. 2003-A-0125,2005-Ohio-5287, ¶ 10; State v. Laster, Montgomery App. No. 19387, 2003-Ohio 1564, ¶ 8. See, also, State v. Bryant, Butler App. No. CA2005-02-025, 2005-Ohio-6855, ¶ 18 (following this general rule). Further, "'an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3393, ¶ 14, quoting Smith, 49 Ohio St.2d at paragraph three of the syllabus.
 {¶ 10} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Smith, paragraph two of the syllabus. Therefore, an appellate court will not reverse the trial court's decision absent an abuse of discretion. State v. Xie (1992), 62 Ohio St.3d 521, 526. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. Id. at 527, citing State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 11} In this case, the search warrant affidavit attached to appellant's motion indicated that Carlisle Police Department officers responded to the shared residence of appellant and his ex-wife on report of a domestic dispute. After informing appellant that he would be arrested, officers granted appellant's request to change clothes before leaving. As appellant walked back to the bedroom, officers observed appellant take a piece of paper out of his pocket and attempt to conceal it by placing it behind the bedroom door. After taking appellant into custody, officers received permission from appellant's ex-wife to recover the paper, located in a small trash can behind the bedroom door. The paper contained evidence that appellant had computer access to child pornography web sites, leading to the search warrant for the computer located at the residence. Evidence obtained from the computer resulted in appellant's indictment.
 {¶ 12} In further support of his motion, appellant attached his own affidavit which reads, in pertinent part, as follows:
 {¶ 13} " * * *
 {¶ 14} "3. [Trial counsel] never discussed trial strategy with me and did not file a Motion to Suppress in this case.
 {¶ 15} "4. I was unaware that I could challenge the affidavit for the warrant in my case and the search that led to the warrant. I have only been informed that I could do this by my present attorney in November 2005.
 {¶ 16} "5. Had I known that I could challenge the affidavit for the warrant in my case and the search that led to the warrant, I would not have pled guilty in this case and would have insisted on a motion to suppress being filed."
 {¶ 17} Aside from appellant's self-serving affidavit, there is nothing in the record to demonstrate that appellant's trial counsel was deficient, nor evidence of a reasonable probability that, but for trial counsel's errors, he would not have pled guilty. State v. Xie (1992),62 Ohio St.3d 521, 524. There is a nearly four-year delay in filing the motion to withdraw the plea, and appellant offered an explanation that he only discovered the basis for the motion a few months earlier. SeeState v. Bush, 2002-Ohio-3393. On this record, the trial court could reasonably conclude that appellant did not demonstrate a reasonable likelihood that withdrawal of the plea was necessary to correct a manifest injustice. State v. Francis, 2004-Ohio-6894.
 {¶ 18} Under these circumstances, we conclude the trial court did not abuse its discretion in denying appellant a hearing on the post-sentence motion to withdraw his guilty plea. Appellant's assignment of error is overruled.
 {¶ 19} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] We note that the offense for which the appellant was convicted is not statutorily defined as a "sexually oriented offense." State v.Feasal, Fayette CA2005-12-034, 2006-Ohio-.