OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. The defendant-appellant, Jeremiah S. Helton, pro se, appeals the judgment of the Hardin County Common Pleas Court denying his motion to withdraw guilty plea without a hearing. On appeal, Helton contends the trial court erred by denying the motion without holding an evidentiary hearing, and that the trial court erred by denying the addendum to his motion to withdraw guilty plea. For the reasons expressed herein, we affirm the judgment of the trial court.
 {¶ 2} On May 19, 2004, a complaint was filed against Helton by Patrolman George Schlub, who alleged that Helton had engaged in unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A), a fourth-degree felony. On June 1, 2004, Helton waived a preliminary hearing and agreed to be bound over to Common Pleas Court. On June 16, 2004, the following events occurred: (1) Helton signed a waiver of indictment and agreed to be charged by information, which was also filed on the same date;[1] (2) Helton agreed to plead guilty to the bill of information; (3) the trial court filed a plea of guilty form, *Page 3 
which notified the defendant of the maximum sentence allowed for the offense and was signed by Helton, his attorney, and the prosecuting attorney; (4) the trial court filed its judgment entry of guilt, which indicated that Helton would be released on an own recognizance bond until sentencing, which was scheduled for July 16, 2004; and (5) a document captioned "Explanation and Waiver of Rights" was filed. The explanation and waiver of rights document essentially tracked the requirements of a Crim.R. 11 hearing. After each statement, Helton signed his initials, and at the end of the document, he signed his name.
 {¶ 3} Sentencing was apparently rescheduled for September 13, 2004, but Helton failed to appear, thus violating the terms of his O.R. bond. During this time, Helton engaged in criminal activity in Logan County. The trial court issued a bench warrant for Helton on October 5, 2004. On October 18, 2004, a return was filed by a Hardin County deputy sheriff indicating that he had arrested Helton pursuant to the bench warrant on October 13, 2004. The trial court held a joint sexual offender classification and sentencing hearing on October 27, 2004. The court classified Helton as a sexually oriented offender and ordered him to serve seventeen months in prison.
 {¶ 4} Helton failed to file a direct appeal, but on December 14, 2004, he sent a handwritten letter to the trial court asking to withdraw his guilty plea. On January 11, 2005, Helton filed a handwritten motion to withdraw guilty plea *Page 4 
pursuant to Crim.R. 32.1. In his motion and attached affidavit, Helton alleged that the prosecutor had agreed to release him on an O.R. bond and to recommend community control sanctions in exchange for his guilty plea. Helton argued that the prosecutor breached the plea agreement by recommending a prison term of either fifteen months or sixteen months at the sentencing hearing.[2] The trial court overruled Helton's motion on January 20, 2005, finding that the court was not required to follow the prosecutor's recommendation; that Defendant was represented by counsel at the sentencing hearing; and that Defendant had personally acknowledged his understanding of the proceedings both in open court and in writing without objection. Helton did not appeal the trial court's judgment.
 {¶ 5} In April 2005, Helton was transported to Logan County for sentencing on unrelated charges. The Logan County Common Pleas Court ordered Helton to serve a prison term of three years consecutive to the sentence imposed by the Hardin County Common Pleas Court in this case.
 {¶ 6} On May 1, 2007, Helton filed a "motion to correct or vacate sentence and to withdraw said plea." Helton challenged his sentence based on the Ohio Supreme Court's holding in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and requested withdrawal of his guilty plea based on the *Page 5 
prosecutor's alleged breach of the plea agreement. On May 2, 2007, the state filed a memorandum in opposition, and the trial court overruled Helton's "motion" on May 9, 2007.
 {¶ 7} On May 14, 2007, Helton filed an "addendum" to his motion to withdraw guilty plea, alleging ineffective assistance of counsel at sentencing. Helton argued that he asked his attorney to file an appeal at the time of sentencing, and that he had "discovered" trial counsel did not do so. Helton also alleged that trial counsel was ineffective for his failure to object when the prosecutor breached the plea agreement at sentencing.
 {¶ 8} On May 25, 2007, Helton filed a notice of appeal, challenging the trial court's May 9, 2007 judgment entry. On October 29, 2007, this Court affirmed the judgment of the trial court. Specifically, we held that Helton's claims concerning the prosecutor's breach of the plea agreement were barred by the doctrine of res judicata because he could have raised and litigated his complaints on direct appeal but failed to do so. We also held that the doctrine of res judicata prevented Helton from relitigating issues he had raised in his prior motions to withdraw guilty plea. As to Helton's complaint that he had the ineffective assistance of counsel, we held that the issue was not properly before us because that issue was not raised until after the trial court denied his Crim.R. 32.1 motion. *Page 6 
 {¶ 9} On December 14, 2007, Helton filed a motion to withdraw guilty plea based on the alleged ineffective assistance of counsel because counsel failed to file a direct appeal. Helton's attached affidavit alleged that the prosecutor had agreed to recommend community control sanctions in exchange for his guilty plea, and the trial court accepted that agreement on the record on June 16, 2004. Helton stated he would not have accepted the guilty plea if he knew the prosecutor was not going to make the agreed upon recommendation or if he knew that the court was not going to adopt the recommendation.
 {¶ 10} On December 18, 2007, Helton filed an addendum to his motion, requesting a hearing before the trial court. Helton argued that the prosecutor breached the terms of the plea agreement and also alleged that his due process rights had been violated due to the increased registration requirements imposed on sexual offenders by R.C. 2950.031
and R.C. 2950.032. The state filed a memorandum in opposition, and on December 27, 2007, Helton filed a response to the state's memorandum, further arguing the alleged due process violation resulting from the enactment of the R.C. 2950.031 and R.C. 2950.032.
 {¶ 11} On January 4, 2007, the trial court filed a judgment entry overruling Helton's motions. The trial court determined that Helton was simply trying to "rehash" the arguments he had previously raised; that he had presented no evidence of trial counsel's deficient performance; and that Helton's sentence was *Page 7 
based on his voluntarily violating the terms of the O.R. bond and engaging in other felonious conduct. The court also held that it lacked jurisdiction to consider Helton's arguments based on R.C. 2950.031 and2950.032 because Helton did not file in his county of residence and because the petition must be brought in a civil action, which cannot be prosecuted through a criminal case. Helton appeals the trial court's judgment, raising two assignments of error for our review.
 First Assignment of Error The trial court erred to the prejudice of Defendant-Appellant in denying his motion to withdraw his guilty plea and by doing so without conducting a hearing on the motion to a claim he was denied ineffective assistance of counsel * * * .
 Second Assignment of Error The trial court abused its discretion and erred to the prejudice of Defendants-Appellants [sic] due-process rights in denying his motion to withdraw his guilty plea and by doing so without conducting a hearing on the motion to withdraw said guilty plea.
 {¶ 12} In the first assignment of error, Helton argues that his allegations of ineffective trial counsel entitled him to an evidentiary hearing. In his brief, Helton contends that he asked counsel to object to his sentence at the sentencing hearing, and that he requested counsel file a notice of appeal, which counsel did not do. Helton asserts, "Appellant 60 days after sentencing made his first attempt at withdrawing said plea and requested new counsel so new counsel could appeal because trial counsel would not, the same was overruled by the trial court." *Page 8 
 {¶ 13} Helton's claims are barred by the doctrine of res judicata. "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'" State v.Herbert, 3d Dist. No. 16-06-12, 2007-Ohio-4496, at ¶ 16, quotingState v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233, at syllabus, citing State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, at paragraph nine of the syllabus. See also State v. Sanchez, 3d Dist. No. 4-06-31, 2007-Ohio-218, at ¶ 18, citing State v.McDonald, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, at ¶ 22 ("[r]es judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding").
 {¶ 14} Since Helton alleges that he asked trial counsel to object at the sentencing hearing, and counsel failed to do so, he was clearly aware of a possible error at the original sentencing hearing, which was held in October 2004. Helton could have simply bypassed his allegedly ineffective counsel and requested court appointed counsel for purposes of filing a direct appeal, at which time he could have raised the issue of ineffective assistance of counsel. Furthermore, this is *Page 9 
Helton's third motion to withdraw guilty plea. Each motion has argued essentially the same issue: that Helton believes the prosecutor violated the terms of the plea agreement. The only difference in this motion is that Helton has rephrased the underlying issue as an ineffective assistance of counsel claim. There are no new facts upon which Helton bases his latest motion, and as such, the argument could have been raised in the first or second motion to withdraw guilty plea, if not on appeal. Therefore, Helton's claim is barred by the doctrine of res judicata.
 {¶ 15} Should Helton continue to file motions to withdraw his guilty plea based on the same underlying arguments, the trial court is directed to dismiss the motion(s). After a direct appeal of a judgment, "the trial court has no jurisdiction to consider a defendant's Crim.R. 32.1 motion to withdraw his guilty plea, and the appropriate action for the trial court is to dismiss the motion." See Herbert, at ¶ 14, citingSanchez, at ¶ 15, citing State v. Allen, 12th Dist. No. CA2006-01-001,2006-Ohio-5990, ¶¶ 14-15; State v. Craddock, 8th Dist. No. 87582,2006-Ohio-5915, ¶ 10; State v. Smith, 8th Dist. No. 82062, 2003-Ohio-3675, ¶¶ 8-9, appeal not allowed, 100 Ohio St.3d 1486,2003-Ohio-5992, 798 N.E.2d 1094; State v. Kovacek, 9th Dist. No. 02CA008115, 2002-Ohio-7003, ¶¶ 7-8 (Crim.R. 32.1 does not vest jurisdiction in a trial court to maintain and determine a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by an appellate court); State v. Laster, 2d Dist. No. 19387, 2003-Ohio-1564, ¶ 9, appeal not *Page 10 
allowed, 94 Ohio St.3d 1434, 2002-Ohio-5651, 761 N.E.2d 49. Having already done so on Helton's prior appeal, we have again affirmed the trial court's denial of Helton's Crim.R. 32.1 motion on appeal.
 {¶ 16} Furthermore, even if we were to consider the merits of Helton's claims, they would fail. "A trial court may grant a post-sentence motion to withdraw a guilty plea only to correct `manifest injustice.'"State v. Heath, 12th Dist. No. CA2006-03-036,2006-Ohio-7045, at ¶ 8, citing Crim.R. 32.1. "This standard requires a showing of extraordinary circumstances." Id., citing State v. Smith
(1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324; State v. Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, 809 N.E.2d 673, at ¶ 8. "A trial court need not conduct a hearing on every post-sentence motion to withdraw a plea. Rather, the movant has the burden to first demonstrate a reasonable likelihood that withdrawal of the plea is necessary to correct a manifest injustice." Id., citing State v. Francis,104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 32.
 {¶ 17} To establish ineffective assistance of counsel, a defendant must show that "(1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." State v. Price, 3d Dist. No. 13-05-03, 2006-Ohio-4192, at ¶ 6, citing State v. Kole, 92 Ohio St.3d 303, 306, 2001-Ohio-191,750 N.E.2d 148, quoting Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. In proving that the *Page 11 
defendant was prejudiced by counsel's actions, the appellant must demonstrate that "there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different." Id. at ¶ 6, citing Strickland, at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." State v. Loza (1994),71 Ohio St.3d 61, 83, 641 N.E.2d 1082, citing Strickland, at 697.
 {¶ 18} To prove that an attorney's conduct was deficient or unreasonable, the appellant "must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by `reasonable professional judgment.'" State v. Scott-Hoover, 3d Dist. No. 3-03-20, 2004-Ohio-97, at ¶ 7, quoting Strickland, at 687. Attorneys licensed in Ohio enjoy a strong presumption of competence, and "tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance." Id., citing State v. Sallie, 81 Ohio St.3d 673,675, 1998-Ohio-343, 693 N.E.2d 267; State v. Carter, 72 Ohio St.3d 545,558, 1995-Ohio-104, 651 N.E.2d 965. "Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client." Id., citing State v. Bradley (1989),42 Ohio St.3d 136, 141, 538 N.E.2d 373, quoting State v. Lytle (1976),48 Ohio St.2d 391, 396, 358 N.E.2d 623. *Page 12 
 {¶ 19} Helton has supplied no transcript of the plea hearing or the sentencing hearing. Therefore, we must presume regularity in the proceedings of the trial court. App.R. 9; Loc.R. 5; State v. Moore, 3d Dist. No. 14-06-43, 2007-Ohio-1763, at ¶ 8, citing State v.Miyamoto, 3d Dist. No. 14-05-43, 2006-Ohio-1776, at ¶ 11, quotingHartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617; State v.Pringle, 3d Dist. No. 2-03-12, 2003-Ohio-4235, at ¶ 10. The only "evidence" before us is Helton's self-serving affidavit, filed on December 14, 2007. "The `good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved' by the trial court." Herbert, at ¶ 9, quoting Smith,49 Ohio St.2d at 264. "Generally, a self-serving affidavit of the movant is insufficient to demonstrate manifest injustice." Id., citing State v. Wilkey, 5th Dist. No. CT2005-0050, 2006-Ohio-3276, at ¶ 26;State v. Robinson, 11th Dist. No. 2003-A-0125,2005-Ohio-5287, at ¶ 10; State v. Laster, 2d Dist. No. 19387, 2003-Ohio 1564, at ¶ 8. See also State v. Bryant, 12th Dist. No. CA2005-02-025, 2005-Ohio-6855, at ¶ 18. "Further, `"an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."'" Id., quoting State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 14, quoting Smith,49 Ohio St.2d 261, at paragraph three of the syllabus. *Page 13 
 {¶ 20} Helton's affidavit was filed approximately three years after the original sentencing hearing, and approximately one and one-half years after his prison term expired (even though he is still serving time from the Logan County Common Pleas Court). Furthermore, there is no evidence, other than Helton's unsubstantiated claims, that counsel acted contrary to his instructions. Therefore, on the merits of Helton's claim, we would be unable to hold that the trial court abused its discretion when it denied his motion to withdraw guilty plea without an evidentiary hearing as he has failed to demonstrate a manifest injustice. The first assignment of error is overruled.
 {¶ 21} In the second assignment of error, Helton contends he would not have pled guilty to the offense charged in the indictment had he known he would be subjected to a longer registration period, as provided by R.C. 2950.031. R.C. 2950.032(E) states that an offender served with notice under R.C. 2950.032(A) or (B) may request a hearing to contest the new registration requirements. The offender must file a "petition" within 60 days of receiving the notice and must comply with R.C.2950.031(E). R.C. 2950.032(E). The offender's petition must be timely filed, and it must also be filed in the county where the offender is currently residing or temporarily domiciled. R.C. 2950.031(E). The record indicates that Helton is incarcerated outside of Hardin County. Therefore, Hardin County is an inappropriate forum for filing. Furthermore, Helton's addendum to *Page 14 
his motion to withdraw guilty plea is not a "petition." Since sex offender registration is not punitive, the offender's petition must be filed as a civil matter, and not as part of the original criminal action. See generally State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 30-31, citing State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570; State v. Williams,88 Ohio St.3d 513, 527, 2000-Ohio-428, 728 N.E.2d 342. The trial court did not abuse its discretion in denying Helton's motion to withdraw guilty plea, and the second assignment of error is overruled.
 {¶ 22} The judgment of the Hardin County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW, P.J., and ROGERS, J., concur.
[1] The bill of information alleged one count of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A), a fourth-degree felony.
[2] In Helton's numerous filings, he has alleged the prosecutor improperly made two different sentencing recommendations. In some filings, he indicated that the prosecutor recommended a sentence of sixteen months, but in other filings, he alleged the prosecutor's recommendation of a fifteen-month sentence. Since Helton has failed to file a transcript of the sentencing hearing, we are not sure which sentence the state actually did recommend. However, this disparity in the facts has no bearing on the resolution of the appeal. *Page 1