OPINION
{¶ 1} Appellant, Scott E. Smith ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas denying his motion to withdraw his plea of guilty. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} On November 5, 1993, appellant was indicted on four counts of aggravated robbery and four counts of kidnapping, each with a firearm specification. Prior to being served with notice of the indictment, appellant moved to the state of Georgia, where he lived until his arrest on September 20, 2004. On July 12, 2005, appellant agreed to plead guilty to the lesser-included offense of attempted robbery with a firearm specification on Count 1 of the indictment, and nolle prosequis were entered on the other charges. Appellant was sentenced to a term of incarceration of three to ten years, plus three years for the firearm specification, to be served consecutively.
 {¶ 3} On September 4, 2007, appellant filed a motion seeking to withdraw his plea of guilty. In the motion, appellant argued that he had received ineffective assistance of counsel when he agreed to plead guilty based on his trial counsel's failure to seek dismissal of the indictment based on statute of limitations and speedy trial grounds. In an affidavit attached to the motion, appellant claimed that: he was not aware of the indictment when he moved to Georgia; while he was in Georgia, he was arrested on criminal charges and served a term of probation there; upon his return to Ohio, he asked his trial counsel whether a motion to dismiss the indictment could be filed, but his trial counsel did not respond; and if he had known that a motion to dismiss could have been filed, he would not have agreed to enter his guilty plea. The trial court denied the motion to withdraw the plea of guilty without holding a hearing.
 {¶ 4} Appellant filed this appeal, alleging three assignments of error:
 I. The court utilized the wrong standard in determining prejudice.
 II. The court abused its discretion in denying the motion to withdraw the guilty plea. *Page 3 
 III. The court erred in not holding an evidentiary hearing.
 {¶ 5} The three assignments of error are interrelated, and will therefore be addressed together. Motions to withdraw pleas of guilty are governed by Crim. R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because the motion in this case was made after sentencing, the issue before the trial court was whether granting the motion would correct a manifest injustice. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." State v. Williams, Franklin App. No. 03AP-1214,2004-Ohio-6123, at ¶ 5. A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion. State v. Orris, Franklin App. No. 07AP-390, 2007-Ohio-6499.
 {¶ 6} A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a plea of guilty. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. Id., citingState v. Kent, Franklin App. No. 03AP-722, 2004-Ohio-2129.
 {¶ 7} A trial court's decision to deny a post-sentence motion to withdraw a plea of guilty, and the decision whether to hold a hearing on the motion, are subject to review for abuse of discretion. State v.Smith (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324;Kent, supra. "The term `abuse of discretion' connotes more than an error of law or *Page 4 
judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 8} Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim. R. 32.1. State v. Dalton, 153 Ohio App.3d 286, 2003-Ohio-3813,793 N.E.2d 509. A defendant seeking to withdraw a guilty plea based on ineffective assistance of counsel must show first that counsel's performance was deficient, and second that there is a reasonable probability that, but for counsel's errors, the defendant would not have agreed to plead guilty. State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715.
 {¶ 9} In the affidavit attached to his motion to withdraw his guilty plea, appellant stated that at the time of his arrest, he asked his trial counsel whether a motion to dismiss could be filed due to the time frame involved between the date of his indictment and the date of his arrest on the charges, but that counsel never answered his question. Appellant further stated in the affidavit that he would not have agreed to plead guilty if he had known that the case could be dismissed on statute of limitations and speedy trial grounds, but would instead have insisted on proceeding with a motion to dismiss.
 {¶ 10} The good faith, credibility, and weight to be given to assertions made by a defendant in support of a motion to withdraw a guilty plea are matters to be resolved by the trial court.Smith, 49 Ohio St.2d at 264. Generally, a self-serving affidavit made by the moving party is not sufficient to demonstrate manifest injustice.State v. Helton, Hardin App. No. 6-08-01, 2008-Ohio-1146. See, also,State v. Wilkey, Muskingum App. No. CT2005-0050, 2006-Ohio-3276;State v. Bryant, Butler App. No. CA2005-02-025, 2005-Ohio-6855. In addition, "[a]n undue delay between the occurrence of the alleged *Page 5 
cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."Smith, supra, at paragraph three of the syllabus.
 {¶ 11} In this case, appellant's affidavit shows that appellant was aware of a possible issue regarding the time that passed between the indictment and his arrest, but chose to go through with the guilty plea despite that awareness. In addition, the record shows that at the time he entered his guilty plea, appellant signed an Entry of Guilty Plea form that included the statement that, "I am completely satisfied with the legal representation and advice I have received from my counsel." Finally, over two years passed between the entry of the guilty plea and appellant's motion to withdraw the plea. In the intervening time, appellant filed a notice of appeal (which was dismissed by this court when appellant failed to file a brief) and a number of motions with the trial court, all without raising the claim that he would not have agreed to plead guilty but for his trial counsel's alleged ineffective assistance.[1]
 {¶ 12} Based on these facts, we cannot say that the trial court abused its discretion in rejecting appellant's assertion that he would not have agreed to plead guilty if he had known that a motion to dismiss the indictment might have been meritorious. Thus, the trial court did not abuse its discretion in finding that appellant's motion failed to set forth sufficient facts demonstrating any manifest injustice, and in declining to hold an evidentiary hearing on the motion. *Page 6 
 {¶ 13} Appellant asserts that, in reaching its decision, the trial court utilized the wrong standard in denying his motion. We disagree. While the trial court in its decision made reference to the lack of prejudice to appellant based on the nature of the plea agreement reached, it is clear from the trial court's decision that this was an alternative basis for the ruling. The entirety of the court's decision shows that the trial court properly evaluated appellant's motion under the manifest injustice standard.
 {¶ 14} Because the trial court did not abuse its discretion in concluding that appellant's motion to withdraw his plea of guilty did not sufficiently demonstrate the existence of any manifest injustice, we overrule appellant's three assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and TYACK, JJ., concur.
[1] A direct appeal or a timely filed post-conviction petition may have been the more proper means for appellant to assert his claim of ineffective assistance of counsel, which raises the possibility that res judicata would bar consideration of appellant's Crim. R. 32.1 motion. However, the state does not argue in briefing that res judicata may apply to this case, so we decline to address the issue. *Page 1