OPINION
{¶ 1} Defendant, Larry Jefferson, appeals from his conviction and sentence for Robbery, R.C. 2911.02(A)(3), which prohibits the use or threat to use immediate force in attempting to commit or committing a theft offense or in fleeing immediately thereafter.
 {¶ 2} On April 1, 2004, Defendant entered the Rite Aid pharmacy on the corner of Salem and Grand Avenues in Dayton. Defendant took several bottles of cologne, put them in his coat pocket and then left the store without paying for them. When Defendant exited the store, the security bar codes on the merchandise he had stolen set off the alarm system.
 {¶ 3} Upon hearing the alarm, the store's loss prevention officer, Quincy Tellis, immediately went toward the front doors to investigate. The store manager, Richard Hoberty, watched as Defendant exited the store and proceeded across the parking lot and across Salem Avenue to a gas station located diagonal to the Rite Aid store.
 {¶ 4} Tellis pursued Defendant and caught up with him at the gas station. Tellis identified himself to Defendant as Rite Aid security and asked Defendant to return to the store because he had set off the alarm system. Defendant responded "I don't know what you're talking about. Leave me alone," and pushed Tellis. When Tellis again asked Defendant to return to the store with him, Defendant took a swing at Tellis. That prompted Hoberty, who was watching these events, to call police.
 {¶ 5} After Defendant swung at him, Tellis wrestled Defendant to the ground and positioned himself on top of Defendant. Tellis allowed Defendant to get up after Defendant complained that he was having trouble breathing. After getting up, Defendant again tried to hit Tellis, who then wrestled Defendant to the ground once more. Some of the merchandise stolen from the Rite Aid store spilled out of Defendant's coat pocket onto the ground. Dayton police then arrived on the scene and took Defendant into custody.
 {¶ 6} Defendant was indicted on one count of Robbery in violation of R.C. 2911.02(A)(3). The matter proceeded to a jury trial. At the close of the State's case Defendant made a Crim.R. 29 motion for acquittal. Defendant admitted committing the theft offense but argued that the State had failed to prove robbery because he did not use force, or threaten the use of force, while fleeing immediately after the theft offense. According to Defendant, he had already completed his escape and had stopped fleeing when the confrontation and physical struggle with Tellis took place.
 {¶ 7} The trial court concluded that reasonable minds could reach different conclusions on the force issue and overruled Defendant's motion for acquittal. The jury found Defendant guilty of Robbery, and the trial court sentenced Defendant to a three year prison term, to be served consecutively to his sentence in another case.
 {¶ 8} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR ACQUITTAL IN ACCORDANCE WITH CRIMINAL RULE 29 BECAUSE THE APPELLANT DID NOT COMMIT ROBBERY IN SO FAR AS HE DID NOT USE IMMEDIATE FORCE OR THREATEN IMMEDIATE FORCE TO `EFFECT HIS ESCAPE' SINCE HE HAD (A) ALREADY COMMITTED THE THEFT, AND (B) ALREADY ESCAPED THE PREMISE."
 {¶ 10} When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261. The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. State v.Miles (1996), 114 Ohio App.3d 738.
 {¶ 11} A Crim.R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997),78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks
(1991), 61 Ohio St.3d 259:
 {¶ 12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 13} Defendant was found guilty of Robbery, in violation of R.C. 2911.02(A)(3) which provides:
 {¶ 14} "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 15} "Use or threaten the immediate use of force against another."
 {¶ 16} Relying on State v. Shelton (November 5, 1998), Cuyahoga App. No. 72060, wherein the court held that to constitute robbery all of the elements of that offense must occur simultaneously, Defendant argues that the evidence presented by the State was legally insufficient to sustain his conviction for Robbery, and thus the trial court erred in failing to grant his motion for acquittal, because his use of force was not contemporaneous with his act of theft or his flight immediately thereafter. Rather, Defendant's use of force occurred two or three minutes after the theft offense, and after Defendant had already left the store where the theft occurred. Defendant claims that he was no longer engaged in the process of fleeing after his commission of a theft offense at the time his confrontation and physical struggle with Tellis occurred.
 {¶ 17} The question in this case is simply whether the force used by Defendant against Tellis was used while Defendant was fleeing after the theft from the Rite Aid store. State v. Lynch
(May 13, 1993), Montgomery App. No. 13312. Viewing the evidence before us in a light most favorable to the State, we answer that question in the affirmative.
 {¶ 18} The record demonstrates that after Defendant placed bottles of cologne in his coat pocket and fled from the Rite Aid store, setting off the store's alarm, loss prevention officer Quincy Tellis immediately gave chase and followed Defendant across the street, finally catching up to Defendant at a gas station across from the Rite Aid store. Defendant's flight unquestionably began immediately after his theft offense, and was an uninterrupted and continuous activity, until Tellis caught up with and confronted Defendant. Lynch, supra. Neither the length of time occupied in fleeing nor the distance from the location where the theft occurred is significant. Id. Defendant's conduct in pushing and throwing punches at Tellis after Tellis caught up with Defendant and tried to persuade him to return to the Rite Aid store is evidence sufficient to permit a reasonable inference that Defendant used force while fleeing immediately after the commission of a theft offense.
 {¶ 19} Viewing the evidence in a light most favorable to the State, as we must, a rational trier of fact could find all of the essential elements of Robbery, including the use of force while fleeing immediately after the commission of a theft offense, proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 20} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 21} "THE TRIAL COURT COMMITTED ERROR BY FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF THEFT, AND AS A RESULT, MR. JEFFERSON'S CONVICTION SHOULD BE REVERSED."
 {¶ 22} Defendant argues that the trial court erred in failing to instruct the jury on the lesser included offense of Theft.
 {¶ 23} Initially, we note that Defendant failed to request a jury instruction on Theft in accordance with Crim.R. 30. Accordingly, any error in failing to give that instruction has been waived, and Defendant may not assign that issue as error on appeal. Id. In that event, we may reverse only on a finding of plain error. "Plain error" does not exist unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 24} The trial court did not commit plain error by failing to instruct the jury on Theft, as defined by R.C. 2913.02, because that offense is not a lesser included offense of Robbery, as defined by R.C. 2911.02(A)(3). In State v. Deem (1988),40 Ohio St.3d 205, paragraph three of the syllabus, the Ohio Supreme Court set out the test to be used in determining whether one offense constitutes a lesser included offense of another:
 {¶ 25} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." See also State v. Carter, 89 Ohio St.3d 593,2000-Ohio-172.
 {¶ 26} Theft carries a lesser penalty than Robbery. Furthermore, there is an element of Robbery, the use or threatened use of force, that is not required to prove Theft. Thus, the first and third elements of the Deem test are satisfied.
 {¶ 27} The critical issue is whether Robbery, as statutorily defined by R.C. 2911.02(A)(3), can ever be committed without Theft, as statutorily defined by R.C. 2913.02, also being committed. We answer that question in the affirmative because Robbery can be committed in the course of merely attempting a Theft offense, whereas theft requires an actual, completed theft offense. Theft requires the accused to actually obtain or exert control over the property or services of another; attempted Theft does not. R.C. 2923.02; 2913.02. The second element of the Deem
test is not satisfied, and therefore Theft is not a lesser included offense of robbery. See also: State v. Carter, supra,
wherein the Ohio Supreme Court held that theft is not a lesser included offense of Aggravated Robbery for the same reason we have discussed. The trial court did not err by failing to provide a lesser included offense instruction.
 {¶ 28} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.