OPINION
{¶ 1} Defendant-Appellant, Benjamin M. Horsley, appeals the January 18, 2006, judgment of the Putnam County Court of Common Pleas, convicting and sentencing him for attempted felonious assault. On appeal, Horsley asserts that he was sentenced under statutes which are unconstitutional, mandating reversal and remand for re-sentencing. Based upon the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we vacate Horsley's prison sentence and remand the matter for further proceedings consistent with Foster.
 {¶ 2} On November 8, 2005, the Putnam County Grand Jury indicted Horsley on one count of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree. Subsequently, Horsley pled not guilty.
 {¶ 3} At a change of plea hearing in December of 2005, Horsley withdrew his plea of not guilty and entered a negotiated plea of guilty to one count of attempted felonious assault in violation of R.C. 2923.02(A), a felony of the third degree.
 {¶ 4} On January 18, 2006, the trial court held a sentencing hearing and sentenced Horsley to the maximum term of five years imprisonment. The trial court found, in part, that Horsley "committed the worst form of the offense" and that Horsley "poses the greatest likelihood of committing further crimes." (Judgment Entry, p. 2). Additionally, Horsley was subject to a period of up to three years of post release control. Horsley was also ordered to pay restitution in the amount of forty four thousand five hundred eighty four dollars, plus court costs.
 {¶ 5} On February 1, 2006, Horsley filed a notice of appeal of his sentence. Also on that date, Horsley's counsel requested leave to withdraw from representation and appointment of new counsel for Horsley's appeal. In March of 2006, the trial court granted leave to Horsley's counsel to withdraw and appointed new counsel.
 {¶ 6} In April of 2006, Horsley's counsel filed an Anders Brief seeking leave to withdraw representation due to the lack of credible arguments to present for review. On July 6, 2006, this Court denied the motion to withdraw representation. Horsley's February appeal is now before this Court, in which, he presents the following assignment of error for our review.
THE APPELLANT WAS SENTENCED UNDER STATUTES WHICH AREUNCONSTITUTIONAL, MANDATING REVERSAL AND REMANDING FORRE-SENTENCING.
 {¶ 7} In his sole assignment of error, Horsley contends that the trial court's imposition of the five year maximum term was based upon unconstitutional statutes. Specifically, Horsley asserts that the Ohio Supreme Court's ruling in Foster requires that his sentence be vacated and the case be remanded for a new sentencing hearing.
 {¶ 8} The Foster Court recently addressed constitutional issues concerning felony sentencing. The Court held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(C) requiring judicial findings before imposition of the maximum sentence. Id. at ¶ 64. As noted above, the trial court herein made specific findings under R.C.2929.14(C) when determining Horsley's sentence. Pursuant to the ruling in Foster, we find that Horsley's prison sentence is void as being based upon unconstitutional statutes.
 {¶ 9} Accordingly, Horsley's assignment of error is sustained.
 {¶ 10} Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we vacate Appellant's prison sentence and remand to the trial court for further proceedings consistent with Foster, supra.
Judgment vacated and cause remanded.
 Bryant, P.J., and Shaw, J., concur.