OPINION
{¶ 1} Defendant-appellant, Michael Lee Allen, appeals the decision of the Warren County Court of Common Pleas to deny his post-sentence motion to withdraw his guilty plea. We affirm the judgment for the reasons outlined below.
 {¶ 2} Allen pled guilty to and was convicted of two counts of rape in August 1998. The trial court sentenced appellant to two consecutive ten-year terms, in accordance with the plea agreement between appellant and the state of Ohio.
 {¶ 3} Appellant appealed his conviction. The judgment was affirmed by this court in State v. Allen (June 21, 1999), Warren App. Nos. CA98-08-105, CA98-08-108. Appellant's first appeal contested evidentiary issues and an ineffective assistance of counsel claim pertaining to a motion to suppress. In affirming the judgment, this court also found that appellant's plea was knowingly, intelligently, and voluntarily given.
 {¶ 4} In 2005, appellant, pro se, filed a Crim.R. 32.1 motion to withdraw his plea of guilty on count six of the indictment, which appellant argued was one of the two counts of the indictment with which he was convicted.[1] Appellant did not allege that his plea was not knowingly, intelligently, or voluntarily given. Appellant argued that there were venue and statute of limitation problems associated with count six, that his counsel was ineffective in failing to argue those alleged infirmities, and that he should be permitted to withdraw his plea on that count.
 {¶ 5} The trial court denied the motion, stating that the motion to withdraw was untimely, was filed after an appeal on the merits was heard, and did not successfully show that a manifest injustice existed. Appellant appeals this decision, setting forth four assignments of error for this court's review.
 {¶ 6} Appellant's first assignment of error alleges that the trial court erred in denying appellant's motion to withdraw his plea by ruling that the motion was untimely when Crim.R. 32.1 contains no time limit for filing after sentencing.
 {¶ 7} Appellant's second assignment of error alleges that the trial court erred when it denied his motion for the stated reason that the motion was filed after an appeal of his conviction was heard.
 {¶ 8} Appellant's third assignment of error alleges that the trial court erred when it ruled that no manifest injustice existed.
 {¶ 9} Appellant's fourth assignment of error alleges that the trial court erred when it ruled on his motion at "an ex parte hearing."
 {¶ 10} We address appellant's second assignment of error out of order, as this assignment is determinative of this appeal.
 {¶ 11} Crim.R. 32.1 states that a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} However, Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." State ex rel. Special Prosecutors v. Judges, Courtof Common Pleas (1978), 55 Ohio St.2d 94, 98.
 {¶ 13} After the direct appeal of a judgment is decided, the trial court has no jurisdiction to consider a defendant's Crim.R. 32.1 motion to withdraw his guilty plea, and the trial court is correct in dismissing the motion. State v. Smith, Cuyahoga App. No. 82062, 2003-Ohio-3675, ¶ 8-9, appeal not allowed,100 Ohio St.3d 1486, 2003-Ohio-5992; State v. Kovacek, Lorain App. No. 02CA008115, 2002-Ohio-7003, ¶ 7-8 (Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court); State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564, ¶ 9, appeal not allowed,94 Ohio St.3d 1434, 2002-Ohio-5651; State v. Green, Stark App. 2004CA00229, 2005-Ohio-___, ¶ 7, appeal not accepted,106 Ohio St.3d 1558, 2005-Ohio-5531.
 {¶ 14} As we previously noted, appellant's judgment of conviction was affirmed in a direct appeal. In affirming, this court found that appellant's guilty plea was knowingly, intelligently, and voluntarily made. See State v. Allen, Warren App. No. CA98-08-105, CA980-8-108; see, also, State v. Barnett
(1991), 73 Ohio App.3d 244, 248; State v. Bene, Clermont App. No. CA2005-09-090, 2006-Ohio-3628, ¶ 26 (plea of guilty waives the right to claim that one was prejudiced by ineffective assistance of counsel, except to the extent that such ineffective assistance made the plea less than knowing and voluntary).
 {¶ 15} The trial court in the case at bar was without jurisdiction to consider appellant's post-sentence motion to withdraw his guilty plea on count six. It was proper to dismiss appellant's motion. Appellant's second assignment of error is overruled.
 {¶ 16} Appellant's first, third, and fourth assignments of error also deal with appellant's motion to withdraw his plea on count six. Based upon this court's ruling under appellant's second assignment of error, we moot appellant's first, third, and fourth assignments of error.
 {¶ 17} We note that appellant, citing to Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, argues to this court under his fourth assignment of error that his constitutional rights were violated when judicial findings were made to "enhance" his prison term with consecutive sentences.
 {¶ 18} Appellant did not present this argument as an assigned error, pursuant to App.R. 12 and App.R. 16, and did not raise this issue with the trial court, even though Blakely was decided in 2004. Assuming this court would now consider appellant's argument on sentencing as a post-conviction request for relief, such petition would be rejected as untimely. R.C.2953.21 and R.C. 2953.23; see State v. Carter, Clinton App. No. CA2006-03-010, 2006-Ohio-4205; see, also, State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 19} Judgment affirmed.
Walsh and Young, JJ., concur.
[1] The original judgment of conviction indicated that appellant pled guilty and was convicted of counts one and six of the indictment. The transcript of the plea hearing shows that appellant pled guilty to counts one and two of the indictment after an issue was raised at the hearing concerning count six. After this appeal was filed, a judgment of conviction, nunc pro tunc, was filed with the trial court that corrected the judgment of conviction to accurately reflect what occurred at the plea hearing. Therefore, the record indicates that appellant pled guilty to and was convicted on counts one and two of the indictment.