OPINION
{¶ 1} Defendant-Appellant, Salvador Sanchez, appeals the judgment of the Defiance County Court of Common Pleas, sentencing Sanchez to an aggregate term of twenty-four years in prison. On appeal, Sanchez argues that the trial court imposed a sentence under an ex post facto sentencing law and that the trial court erred in denying his motion to withdraw his plea. For the reasons articulated in State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we find that the trial court did not impose a sentence under an ex post facto sentencing law. In addition, we find that the trial court did not err in denying Sanchez's motion to withdraw his plea. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} On August 19, 2005, the Defiance County Grand Jury indicted Sanchez on one count of trafficking in cocaine in violation of R.C.2925.03(A),(C)(4)(d), a felony of the third degree; two counts of trafficking in cocaine in violation of R.C. 2925.03(A),(C)(4)(e), felonies of the second degree; and, one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree.
 {¶ 3} In September 2005, Sanchez pled not guilty to all of the counts in the indictment. He later changed his plea to no contest.
 {¶ 4} In November 2005, the trial court found Sanchez guilty on all of the charges and sentenced Sanchez to four years for the count of trafficking in cocaine in violation of R.C. 2925.03(A),(C)(4)(d), a felony of the third degree; seven years for each of the two counts of trafficking in cocaine in violation of R.C. 2925.03(A),(C)(4)(e), felonies of the second degree; and six years for the one count of engaging in a pattern of corrupt activity, a violation of R.C.2923.32(A)(1), a felony of the first degree. Additionally, the trial court ordered that the sentences be served consecutively for an aggregate prison term of twenty-four years.
 {¶ 5} In December 2005, Sanchez appealed the November 2005 sentence, asserting that his consecutive sentence was in violation of Ohio sentencing law.
 {¶ 6} We agreed, and in State v. Sanchez, 3d Dist. No. 4-05-47,2006-Ohio-2141 (hereinafter referred to as "Sanchez I"), this Court vacated Sanchez's sentence and remanded the cause to the trial court for additional proceedings, based on State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Sanchez I, supra, at ¶ 7. Additionally, we noted that Sanchez argued, in a supplemental brief, that remanding the case to the trial court would violate his due process rights because the effect ofFoster is to create an ex post facto law; however, we determined that this issue was not properly before us, because he had yet to be sentenced. Id. at ¶ 8.
 {¶ 7} In June 2006, Sanchez moved for leave to withdraw his no contest plea to the counts of the August 2005 indictment. Subsequently, a hearing was held on Sanchez's motion for leave to withdraw his no contest plea and to resentence Sanchez. After the hearing, the trial court overruled Sanchez's motion to withdraw his no contest plea and resentenced Sanchez to four years for the count of trafficking in cocaine in violation of R.C. 2925.03(A),(C)(4)(d), a felony of the third degree; seven years for each of the two counts of trafficking in cocaine in violation of R.C. 2925.03(A),(C)(4)(e), felonies of the second degree; and six years for the one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1), a felony of the first degree. Additionally, the trial court ordered that the sentences be served consecutively for an aggregate prison term of twenty-four years. Also, in its journal entry, the trial court found that Sanchez was provided Crim.R. 11 advisements and was advised of the possible range of sentences as to each count of the August 2005 indictment and the possible sentence associated with being a "Major Drug Dealer." (July 14, 2006 Judgment Entry p. 1). Finally, Sanchez was given credit for the four hundred sixty-four days of incarceration previously served.
 {¶ 8} It is from this judgment that Sanchez appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I The Trial Court imposed a sentence pursuant to an ex post facto judicially-created sentencing law, in violation of his right to freedom from such enactments and in violation of Due Process.
 Assignment of Error No. II The Trial Court erred in denying Mr. Sanchez' Motion to Withdraw Plea.
 Assignment of Error No. I {¶ 9} In his first assignment of error, Sanchez argues that the application of Foster to his sentence violates the ex post facto clause of the United States Constitution and that his due process rights are violated because the effect of Foster is to create an ex post facto law. Specifically, Sanchez contends that the retroactive application ofFoster increases the penalty for his offense that was committed prior to the decision in Foster. Sanchez also argues that pursuant to Bouie v.Columbia (1964), 378 U.S. 347, the application of Foster has unconstitutionally deprived him of his right to fair warning of a criminal prohibition.
 {¶ 10} However, for the reasons articulated by this Court inMcGhee, supra, we find no merit in Sanchez's argument that the sentence violates his due process rights. Sanchez pled no contest to the counts of the indictment in September 2005 and was sentenced in November 2005. In December 2005, Sanchez appealed to this Court. The Supreme Court announced its decision in Foster on February 27, 2006. And, inSanchez I, we vacated Sanchez's sentence and remanded the cause to the trial court for additional proceedings, based on Foster. Sanchez I, supra, at ¶ 7.
 {¶ 11} In June 2006, the trial court resentenced Sanchez to the same term of imprisonment as before. We note, as to this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000), 530 U.S. 466, 490, which provided notice that a major shift in sentencing was likely to occur. This supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for Sanchez's felonies has remained unchanged, so he had notice of the potential sentence for his offenses. Therefore, we find Sanchez's first assignment of error without merit and overrule the same.
 Assignment of Error No. II {¶ 12} In his second assignment of error, Sanchez argues that the trial court erred in overruling his motion to withdraw his no contest plea. We disagree.
 {¶ 13} Crim.R. 32.1 states that a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 14} However, "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." State ex rel. Special Prosecutors v. Judges, Courtof Common Pleas (1978), 55 Ohio St.2d 94, 97.
 {¶ 15} After the direct appeal of a judgment is decided, the trial court has no jurisdiction to consider a defendant's Crim.R. 32.1 motion to withdraw his guilty plea, and the trial court is correct in dismissing the motion. State v. Allen, 12th Dist. No. CA2006-01-001,2006-Ohio-5990, ¶¶ 14-15; State v. Craddock, 8th Dist. No. 87582,2006-Ohio-5915, ¶ 10; State v. Smith, 8th Dist. No. 82062, 2003-Ohio-3675, ¶¶ 8-9, appeal not allowed, 100 Ohio St.3d 1486,2003-Ohio-5992; State v. Kovacek, 9th Dist. No. 02CA008115, 2002-Ohio-7003, ¶¶ 7-8 (Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court);State v. Laster, 2d Dist. No. 19387, 2003-Ohio-1564, ¶ 9, appeal not allowed, 94 Ohio St.3d 1434, 2002-Ohio-5651.
 {¶ 16} As we previously noted, Sanchez's judgment of conviction was affirmed in a direct appeal. Sanchez I, supra. Although the case was remanded to the trial court, the remand was for the limited purpose of resentencing Sanchez. Sanchez I, supra, at ¶¶ 7 9. This Court's judgment affirming the finding of guilt is "controlling upon the lower court as to all matters within the compass of the judgment" and, therefore, the trial court had no jurisdiction to consider Sanchez's motion, much less to allow him to withdraw his guilty plea and grant a new trial. State ex rel. Special Prosecutors, supra, at 97.
 {¶ 17} Moreover, even assuming the trial court had jurisdiction to consider Sanchez's motion, we find that it is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, at syllabus, citing State v. Perry (1967), 10 Ohio St.2d 175, at paragraph nine of the syllabus.
 {¶ 18} As previously noted, Sanchez challenged his sentence on direct appeal, but did not challenge the entry of his plea of no contest. Therefore, Sanchez is now barred from raising issues regarding that plea. State v. McDonald, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, at ¶ 22 ("[r]es judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding").
 {¶ 19} Based on the aforementioned discussion, the trial court did not err in denying Sanchez's motion to withdraw his no contest plea. Accordingly, Sanchez's second assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and WALTERS, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)