OPINION
{¶ 1} Defendant-appellant Larry E. Jefferson appeals from a sentence imposed upon him upon remand to the Montgomery County Common Pleas Court, after remand from the Supreme Court of Ohio, which reversed his original sentence. Jefferson does not contend that the trial court failed to follow the mandate of the Supreme Court of *Page 2 
Ohio. Jefferson contends that the mandate of the Supreme Court of Ohio violates the ex post facto and due process clauses of the United States Constitution. Because we are a court of inferior jurisdiction to the Supreme Court of Ohio, we are without the power to hold a mandate from that court to violate the United States Constitution. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Following a jury trial, Jefferson was convicted on one count of Robbery, and was sentenced to three years in prison, to be served consecutively to a sentence imposed in another case. On appeal, we affirmed. State v. Jefferson, 2005-Ohio-4201, Montgomery App. No. 20698. While Jefferson's conviction and sentence was pending review in the Ohio Supreme Court, that court remanded the cause to the trial court for re-sentencing in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. In re Ohio Crim. Sentencing StatuteCases, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174,2006 Ohio LEXIS 1161.
 {¶ 3} By entry filed September 18, 2006, the trial court re-sentenced Jefferson, imposing the same sentence that it originally imposed. From his sentence, Jefferson appeals.
 II {¶ 4} Jefferson's sole assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE."
 {¶ 6} Jefferson does not contend that the trial court failed to follow the mandate *Page 3 
of the Ohio Supreme Court. Jefferson contends that the remedy prescribed by State v. Foster, violates the ex post facto and due process clauses of the United State Constitution:
 {¶ 7} "By contrast, the severance employed in Foster cuts a wide swath through the sentencing statutes, eliminating presumptions, save those favoring incarceration, eliminating a trial court's duty to explain reasons for departing from the guidelines, thus effectively eliminating any real chance of accomplishing the legislature's goal of establishing uniformity and proportionality in Ohio's criminal sentencing. The due process clause prohibits retroactive application of any judicial construction of a criminal statute that is unexpected and indefensible by reference to the law which was expressed before the conduct in issue.Bouie v. Columbia (1964), 378 U.S. 347, 354. As the Ohio Supreme Court has recognized, `an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex postfacto law . . .,' and thus violates the Due Process Clause of theFourteenth Amendment to the United States Constitution. State v.Garner (1995), 74 Ohio St.3d 49, 57, quoting Bouie v. Columbia,378 U.S. at 353.
 {¶ 8} "Because the Foster remedy will substantially disadvantage the hundreds of defendants affected by the decision, the remedy violates the Ex Post Facto and Due Process Clauses of the United States Constitution. The retroactive application of sentencing statutes, as amended by the Ohio Supreme Court, changes the punishment that Appellant may suffer and compromises his ability to appeal his sentence. Accordingly, the Court's remedy as applied to Appellant violates the Ex Post Facto Clause and denies him due process. Accordingly, the sentence of the trial court should *Page 4 
be reversed."
 {¶ 9} Jefferson is asking this court to declare the mandate of the Supreme Court of Ohio in his case to violate the United States Constitution. As an Ohio court inferior in jurisdiction to the Supreme Court of Ohio, we are required to follow its mandates; we lack the jurisdictional power to declare unconstitutional a mandate of the Supreme Court of Ohio. State v. Moffo, 2006-Ohio-5764, Greene App. No. 2005 CA 13; State v. Durbin, 2006-Ohio-5125, Greene App. No. 2005 CA 134.
 {¶ 10} Accordingly, we conclude that the trial court did not err when it complied with the mandate of the Ohio Supreme Court. Jefferson's sole assignment of error is overruled.
 III {¶ 11} Jefferson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1