OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Defendant-Appellant Benjamin J. Horsley ("Horsley") appeals from the January 19, 2007 Judgment Entry of Sentence and the February 2, 2007 Nunc Pro Tunc Order of the Putnam County Court of Common Pleas, sentencing him to five years in prison for his conviction of Attempted Felonious Assault, a felony of the third degree in violation of Ohio Revised Code Section 2923.02.
 {¶ 2} On November 8, 2005 a Putnam County Grand Jury indicted Horsley on one count of Felonious Assault, a felony of the second degree in violation of R.C. 2903.11(A)(1). Subsequently, Horsley entered a plea of not guilty. On December 13, 2005 the trial court conducted a pre-trial wherein Horsley withdrew his plea of not guilty and entered a negotiated plea of guilty to one count of Attempted Felonious Assault, a felony of the third degree in violation of R.C. 2923.02(A).
 {¶ 3} On January 18, 2006 the trial court conducted Horsley's sentencing hearing and sentenced him to five years in prison with credit for 103 days previously served. Additionally, the trial court ordered that Horsley was subject to a period of three years of post release control. Horsley was also ordered to pay restitution in the amount of $44,584.00 plus court costs. *Page 3 
 {¶ 4} On February 1, 2006 Horsley filed an appeal of his sentence alleging that he was sentenced under statutes which were unconstitutional, thus mandating reversal of his sentence and remanding this matter for re-sentencing. On November 13, 2006 this court reversed the January 25, 2006 Judgment Entry of Sentence of the trial court and remanded the matter for further proceedings consistent with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v. Horsley, 3rd Dist. No. 12-06-03, 2006-Ohio-5969.
 {¶ 5} On January 16, 2007 the trial court conducted Horsley's re-sentencing hearing pursuant to R.C. 2929.19. The court again sentenced Horsley to a prison term of five years for his conviction of Attempted Felonious Assault with credit for 466 days previously served.
 {¶ 6} Horsley now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHT TO TRIAL BY JURY BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH AND FOURTEENTH AMENDMENTS. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE v. FOSTER (2006), 109 OHIO St.3d 1, WHICH PURPORTS TO AUTHORIZE SENTENCES IN EXCESS OF THE STATUTORY MAXIMUM, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED.
 ASSIGNMENT OF ERROR NO. 2 *Page 4 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK AT THE TIME OF THE OFFENSE. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE v. FOSTER, (2006), 109 OHIO St.3d 1, WHICH PURPORTS TO AUTHORIZE THE SENTENCE RENDERED AGAINST DEFENDANT BENJAMIN HORSLEY, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED.
 ASSIGNMENT OF ERROR NO. 3 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT PURSUANT TO THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE v. FOSTER (2006), 109 OHIO St.3d 1, BECAUSE THE HOLDING OF FOSTER IS INVALID UNDER ROGERS v. TENNESSEE (2001), 532 U.S. 451.
 ASSIGNMENT OF ERROR NO. 4 THE RULE OF LENITY REQUIRES THE IMPOSITION OF MINIMUM AND CONCURRENT SENTENCES, AND THE RULING OF THE COURT OF COMMON PLEAS TO THE CONTRARY MUST BE REVERSED.
 {¶ 7} In his four assignments of error, Horsley argues that the trial court erred in sentencing him to a non-minimum prison term and a term of incarceration which exceeded the statutory maximum at the time of the offense which violates his Due Process rights and violates the Ex Post Facto Clause of the United States *Page 5 
Constitution.[1] Additionally, Horsley alleges that the "rule of lenity" requires that he receive minimum and concurrent sentences. For ease of discussion, we shall address Horsley's four assignments of error together.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856 at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856 at ¶ 100.
 {¶ 9} As this court is required to follow precedent as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to re-sentence Horsley to a prison term of five years for *Page 6 
his conviction of Attempted Felonious Assault. On December 13, 2005 Horsley withdrew his plea of not guilty and entered a negotiated plea of guilty to one count of Attempted Felonious Assault, a felony of the third degree in violation of R.C. 2923.02(A).
 {¶ 10} Pursuant to R.C. 2929.14(A),
 . . . [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 * * *
 (1) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 {¶ 11} Accordingly, the trial court could have sentenced Horsley to a prison term of as little as one year for his felony conviction or to the maximum prison term of five years for his felony conviction. In this case, the trial court sentenced Horsley to a prison term of five years which is within the statutory range set forth above.
 {¶ 12} Additionally, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Horsley's argument that his sentence violates the Due Process Clauses. Horsley pled guilty on December 13, 2005 and was sentenced to his prison term of five years on January 18, 2006. He then filed a notice of appeal with this court in which we sustained Horsley's assignment of error and reversed the January 25, 2006 judgment of the trial court *Page 7 
and remanded the matter to the trial court for re-sentencing consistent with the Supreme Court of Ohio's February 27, 2006 decision inFoster, supra. See State v. Horsley, supra.
 {¶ 13} On January 16, 2007 Horsley was re-sentenced to the exact same prison term of five years as in his original sentence. We note, as to this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000), 530 U.S. 466,490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports this court's conclusion in McGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for Horsley's felony has remained unchanged, so Horsley had notice of the potential sentence for his offenses.
 {¶ 14} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006 the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442,166 L.Ed.2d 314.
 {¶ 15} Finally, we note that Horsley alleges that the "rule of lenity" requires that he receive minimum and concurrent sentences.[2]
Specifically, Horsley alleges *Page 8 
that courts should impose a minimum sentence rather than a harsher sentence if the court is guessing as to what criminal sanction the legislature intended.
 {¶ 16} The "rule of lenity" was originally a common law rule of statutory construction that was codified in R.C. 2901.04(A), which provides as follows:
 Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.
 {¶ 17} While courts are required to strictly construe statutes defining criminal penalties against the state, the rule of lenity applies only where there is ambiguity in a statute or conflict between multiple states. State v. Rose 3rd Dist. No. 9-06-39,2007-Ohio-1627 at ¶ 23 citing United States v. Johnson (2000),529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39; United States v. Lanier (1997),520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432; State v. Arnold (1991),61 Ohio St.3d 175, 178, 573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void in State v. Foster, supra. Id. Accordingly, the rule of lenity has no bearing on the present case because Foster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes. *Page 9 
 {¶ 18} Based on the foregoing, Horsley's assignments of error are overruled and the January 19, 2007 Judgment Entry of Sentence and the February 2, 2007 Nunc Pro Tunc Order of the Putnam County Court of Common Pleas, sentencing Horsley to five years in prison for his conviction of Attempted Felonious Assault are affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] Although Horsley's states throughout his brief that he was convicted of two counts of Aggravated Robbery, felonies of the second degree, we note that this assertion is not correct. Horsley was convicted of one count of Attempted Felonious Assault, a felony of the third degree. Therefore, we need not address those portions of his argument that deal with the imposition of consecutive sentences.
[2] Although Horsley discusses the imposition of consecutive sentences in relation to the Rule of Lenity, we need not address that portion of Horsley's argument as neither concurrent nor consecutive sentences were imposed in the instant case. *Page 1