OPINION *Page 2 
{¶ 1} Defendant-Appellant, David Edmund Herbert, appeals the judgment of the Wyandot County Court of Common Pleas, denying his motion to withdraw his guilty plea and resentencing him to more than the minimum, consecutive prison terms. On appeal, Herbert asserts that the trial court erred by denying his motion to withdraw his guilty plea; that the trial court violated his right to a trial by jury and due process; that the trial court violated the ex post facto clause; that the trial court violated his due process rights by sentencing him pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856; that the rule of lenity required the trial court to sentence him to minimum, concurrent sentences; and, that his sentence constituted an abuse of discretion. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In March 2005, the State filed a Bill of Information charging Herbert with the following six counts: Count One, rape of another less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; Count Two, unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the third degree; Counts Three, Four, and Five, illegal use of a minor in nudity oriented material in violation of R.C. 2907.323(A)(1), felonies of the second degree; and, Count Six, pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(5), a felony of the fourth degree. *Page 3 
Thereafter, Herbert waived indictment and entered a plea of guilty to all counts of the Bill of Information as charged.
 {¶ 3} In May 2005, following a combined sexual offender classification and sentencing hearing, the trial court classified Herbert as a sexual predator and sentenced him to a nine year prison term on Count One, a four year prison term on Count Two, a seven year prison term on Counts Three, Four, and Five, and a seventeen month prison term on Count Six. The trial court ordered Counts One, Two, and Five to be served consecutively to each other, and the remaining counts to be served concurrently to each other and to Counts One, Two, and Five, for an aggregate prison term of twenty years.
 {¶ 4} In June 2005, Herbert appealed his judgment of conviction and sentence to this Court, alleging that the trial court could not impose more than the minimum, consecutive sentences upon him under Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 5} In December 2005, we overruled Herbert's argument and affirmed his judgment of conviction and sentence. See State v. Herbert, 3d Dist. No. 16-05-08, 2005-Ohio-6869. Subsequently, Herbert appealed to the Ohio Supreme Court.
 {¶ 6) In May 2006, the Ohio Supreme Court accepted Herbert's appeal and vacated his sentence and remanded the matter for resentencing pursuant to *Page 4 Foster. See In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109.
 {¶ 7} In July 2006, Herbert moved to withdraw his guilty plea, alleging that his motion should be treated as a pre-sentence motion to withdraw his guilty plea because it was filed prior to his resentencing.
 {¶ 8} In September 2006, the trial court held a hearing on Herbert's motion to withdraw his guilty plea and, thereafter, denied it. In doing so, the trial court noted that "[t]his case is unusual in the sense that it is a request to withdraw a plea made approximately 13 months after sentencing and remanded for resentencing on grounds other than that which [Herbert] seeks to employ as the basis for his request. Criminal Rule 32.1 does not address such a scenario." (Sept. 2006 Judgment Entry, pp. 4-5). Consequently, the trial court found that Herbert's motion to withdraw his guilty plea was not well taken.
 {¶ 9} In October 2006, the trial court held a resentencing hearing, wherein it resentenced Herbert to a sentence identical to that imposed in its original May 2005 sentencing entry.
 {¶ 10} It is from this judgment that Herbert appeals, presenting the following assignments of error for our review. *Page 5 
 Assignment of Error No. I THE COURT OF COMMON PLEAS COMMITTED ERROR BY DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.
 Assignment of Error No. II THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHT TO A TRIAL BY JURY BY SENTENCING APPELLANT TO A TERM OF INCARCERATION IN EXCESS OF THE STATUTORY MAXIMUM MANDATED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 AND § 16 OF THE OHIO CONSTITUTION.
 Assignment of Error No. III THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION THAT EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY LAW AT THE TIME OF THE OFFENSE.
 Assignment of Error No. IV THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT PURSUANT TO STATE V. FOSTER BECAUSE THE HOLDING OF FOSTER IS CONTRARY TO THE UNITED STATES SUPREME COURT DECISION OF ROGERS V. TENNESSEE (2001), 532 U.S. 451. *Page 6 
 Assignment of Error No. V THE APPLICATION OF THE RULE OF LENITY REQUIRED THAT APPELLANT BE SENTENCED TO MINIMUM AND CONCURRENT SENTENCES.
 Assignment of Error No. VI THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS UPON APPELLANT HERBERT WAS AN ABUSE OF DISCRETION.
 {¶ 11} Due to the nature of Herbert's assignments of error, we elect to address his second, third, and fourth assignments of error together.
 Assignment of Error No. I {¶ 12} In his first assignment of error, Herbert asserts that the trial court erred by denying his motion to withdraw his guilty plea. Specifically, Herbert contends that, because he filed his motion to withdraw his guilty plea prior to his resentencing, the less stringent pre-sentence motion to withdraw standard under Crim.R. 32.1 applied and warranted granting of his motion to withdraw his guilty plea because he did not adequately understand the charges against him to knowingly and intelligently plead guilty. We disagree.
 {¶ 13} Crim.R. 32.1 governs a withdrawal of a guilty plea, providing:
 A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. *Page 7 
However, as we noted in State v. Sanchez, 3d Dist. No. 4-06-31,2007-Ohio-218, appeal not allowed by State v. Sanchez,114 Ohio St.3d 1411, the Ohio Supreme Court has held that "`Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.'" 2007-Ohio-218 at ¶ 14, quoting State ex rel. Special Prosecutors v. Judges, Court of CommonPleas (1978), 55 Ohio St.2d 94, 97.
 {¶ 14} Thus, after the direct appeal of a judgment is decided, the trial court has no jurisdiction to consider a defendant's Crim.R. 32.1 motion to withdraw his guilty plea, and the appropriate action for the trial court is to dismiss the motion. Sanchez, 2007-Ohio-218 at ¶ 15, citing State v. Allen, 12th Dist. No. CA2006-01-001, 2006-Ohio-5990, ¶¶ 14-15; State v. Craddock, 8th Dist. No. 87582, 2006-Ohio-5915, ¶ 10;State v. Smith, 8th Dist. No. 82062, 2003-Ohio-3675, ¶¶ 8-9, appeal not allowed, 100 Ohio St.3d 1486, 2003-Ohio-5992; State v. Kovacek, 9th Dist. No. 02CA008115, 2002-Ohio-7003, ¶¶ 7-8 (Crim.R. 32.1 does not vest jurisdiction in a trial court to maintain and determine a motion to withdraw a *Page 8 
guilty plea subsequent to an appeal and an affirmance by an appellate court); State v. Laster, 2d Dist. No. 19387, 2003-Ohio-1564, ¶ 9, appeal not allowed, 94 Ohio St.3d 1434, 2002-Ohio-5651.
 {¶ 15} Here, Herbert entered a plea of guilty in March 2005, the trial court accepted his plea, convicted him, and sentenced him in May 2005. On appeal, we affirmed Herbert's judgment of conviction and sentence. The Ohio Supreme Court later vacated Herbert's sentence and remanded solely for the purpose of resentencing under Foster. Accordingly, this Court's judgment affirming Herbert's conviction is "controlling upon the lower court as to all matters within the compass of the judgment" and, therefore, the trial court lacked jurisdiction to consider Herbert's motion, much less to allow him to withdraw his guilty plea and grant a new trial. State ex rel. Special Prosecutors, 55 Ohio St.2d at 97.
 {¶ 16} Herbert argues that, because his assignments of error on direct appeal only challenged his sentence and not his conviction, his conviction was never affirmed. This argument lacks merit because Herbert appealed from his judgment of conviction and sentence, we affirmed his judgment of conviction and sentence, and the Ohio Supreme Court left his conviction untouched when it vacated and remanded his sentence for the sole purpose of resentencing. Moreover, even if we accepted Herbert's argument that the trial court had jurisdiction to consider his Crim.R. 32.1 motion, he would be barred from bringing *Page 9 
it under the doctrine of res judicata. "Under the doctrine of resjudicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk,77 Ohio St.3d 93, 1996-Ohio-337, at syllabus, citing State v. Perry (1967),10 Ohio St.2d 175, at paragraph nine of the syllabus.
 {¶ 17} As previously noted, Herbert challenged his sentence on direct appeal, but failed to challenge the entry of his plea of guilty. Consequently, Herbert is now barred from raising issues regarding that plea. Sanchez, 2007-Ohio-218 at ¶ 18, citing State v. McDonald, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, at ¶ 22 ("[r]es judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding").
 {¶ 18} Accordingly, we overrule Herbert's first assignment of error.
 Assignments of Error Nos. II, III, IV {¶ 19} In his second, third, and fourth assignments of error, respectively, Herbert asserts that the trial court violated his right to a trial by jury by sentencing him to a prison term in excess of the statutory maximum mandated by the Sixth *Page 10 
and Fourteenth Amendments; that the trial court violated the ex post facto clause of the Federal Constitution; and, that the trial court violated his right to due process under the Fourteenth Amendment by sentencing him pursuant to Foster because Foster is contrary to U.S. Supreme Court precedent and should be rejected. We disagree.
 {¶ 20} Foster addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void, and severed them. 109 Ohio St.3d at ¶ 100.
 {¶ 21} Initially, we note that Herbert urges us to rejectFoster. However, this Court is inferior in jurisdiction to the Ohio Supreme Court and must follow its mandates. Accordingly, we lack the jurisdictional authority under Article IV, Section 3(B)(2) of the Ohio Constitution to declare a mandate of the Ohio Supreme Court to be unconstitutional. See e.g., World Diamond, Inc. v. Hyatt Corp. (1997),121 Ohio App.3d 297, 306; Thompson v. Moore (1943), 72 Ohio App. 539;State v. Bulkowski, 3d Dist. No. 13-06-29, 2007-Ohio-3137, ¶ 20;State v. Jefferson, 2nd Dist. No. 21671, 2007-Ohio-3583, ¶ 9 (citations omitted).
 {¶ 22} Moreover, this Court has previously held that Foster did not violate the jury trial, due process and ex post facto clauses. SeeState v. McGhee, 3d Dist. *Page 11 
No. 17-06-05, 2006-Ohio-5162, ¶¶ 14-20. Thus, for the reasons set forth in McGhee, we find that Herbert's arguments lack merit. Herbert committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 490, andBlakely v. Washington (2004), 542 U.S. 296, which foreshadowed a major change in criminal sentencing law. Additionally, Herbert had notice of the potential penalties for his unlawful conduct given the statutory sentencing range for those offenses for which he was convicted has remained unchanged. See McGhee at ¶¶ 16, 20; R.C. 2929.14(A).
 {¶ 23} Accordingly, we overrule Herbert's second, third, and fourth assignments of error.
 Assignment of Error No. V {¶ 24} In his fifth assignment of error, Herbert asserts that the trial court was required to sentence him to minimum, concurrent sentences under the rule of lenity. We disagree.
 {¶ 25} This Court has previously addressed Herbert's argument in several decisions. See, e.g., State v. Moore, 3d Dist. No. 1-06-51,2006-Ohio-6860; State v. Horsley, 3d Dist. No. 12-07-04, 2007-Ohio-3976;State v. McDaniel, 3d Dist. No. 1-06-73, 2007-Ohio-2564; State v.Rose, 3d Dist. No. 9-06-39, 2007-Ohio-1627. In Moore, we provided:
 The "rule of lenity" was originally a common law rule of statutory construction that was codified in R.C. 2901.04(A), *Page 12 which provides that "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 The rule of lenity applies only where there is an ambiguity in a statute or conflict between multiple statutes. United States v. Johnson (2000), 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39; United States v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432; State v. Arnold (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional in Foster. Therefore, the rule of lenity has no bearing on the present case since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes.
Id. at ¶¶ 11-12. Based on our decision in Moore, we find that the rule of lenity does not apply to Herbert's case.
 {¶ 26} Accordingly, we overrule Herbert's fifth assignment of error.
 Assignment of Error No. VI {¶ 27} In his sixth assignment of error, Herbert asserts that the trial court abused its discretion in imposing his sentence. We disagree.
 {¶ 28} In severing those portions of Ohio's felony sentencing statutes deemed to be unconstitutional, Foster held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d at paragraph seven of the syllabus. Additionally, the Court stated "[o]ur remedy does not rewrite the *Page 13 
statutes, but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings thatBlakely prohibits." Id. at ¶ 102. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 {¶ 29} As this Court is required to follow precedent as set forth by the Ohio Supreme Court and the United States Supreme Court, we find no error in the trial court's decision in resentencing Herbert. In March 2005, Herbert entered a plea of guilty to one count of rape, a felony of the first degree; one count of unlawful sexual conduct with a minor, a felony of the third degree; three counts of illegal use of a minor in nudity oriented material, felonies of the second degree; and, one count of pandering sexually oriented material involving a minor, a felony of the fourth degree.
 {¶ 30} R.C. 2929.14 provides the following:
 (A) Except as provided * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years. *Page 14 
 (2) For a felony of the second degree, the prison term shall be two,three, four, five, six, seven, or eight years.
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
 {¶ 31} Accordingly, the trial court could have sentenced Herbert to as much as ten years on Count One, five years on Count Two, eight years on Counts Three, Four, and Five, and eighteen months on Count Six. Instead, the trial court sentenced Herbert to a nine year prison term on Count One, to a four year prison term on Count Two, and to a seven year prison term on Count Five, to run consecutively, but concurrently to the seven year prison terms imposed on Counts Three and Four and to the seventeen month prison term imposed on Count Six. Given that each of the prison terms imposed falls within the statutory range, we cannot say that the trial court abused its discretion when it resentenced Herbert to the same prison terms and ordered that he serve some of those prison terms consecutively.
 {¶ 32} Accordingly, we overrule Herbert's sixth assignment of error. *Page 15 
 {¶ 33} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. r *Page 1